IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN RE: DEPO-PROVERA LITIGATION | § § § § § § § § | No. 513, 2025<br><br>Court Below–Superior Court<br>of the State of Delaware<br><br>C.A. No. N25C-10-202 |

Submitted: December 30, 2025
Decided: February 25, 2026

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## ORDER

After consideration of the notice and supplemental notice of appeal from an interlocutory order and the exhibits attached thereto, it appears to the Court that:

(1) Over three hundred plaintiffs ("Plaintiffs") have filed lawsuits in the Superior Court alleging that their use of depot medroxyprogesterone acetate or its generic equivalents (together, "Depo-Provera") caused them to develop intercranial meningiomas. In their complaints, Plaintiffs, represented by different law firms, allege that the defendants—Pfizer, Inc.; Pharmacia, LLC; and Pharmacia & Upjohn Company LLC (together, "Defendants")—wrongfully developed, designed, tested, manufactured, labeled, packaged, promoted, advertised, marketed, distributed and/or sold Depo-Provera and therefore bear responsibility for their cancer diagnoses and related injuries (the "Depo-Provera Actions"). Similar lawsuits are pending in a multidistrict products liability action in the United States District Court

for the Northern District of Florida (the "MDL") and other state courts. The parties expect that hundreds more Depo-Provera Actions will be filed in Delaware.

(2) On November 18, 2025, the Superior Court entered a case management order intended to facilitate a threshold ruling on the issue of general causation and to coordinate the Superior Court's general-causation proceedings with those in the MDL and other state actions. At the same time, the Superior Court entered two additional orders meant to be read together with the case management order. One order appointed BrownGreer PLC to serve as the data administrator vendor for the Depo-Provera Actions and directed the parties to use the online BrownGreer MDL Centrality System as a document repository and e-discovery platform (the "Data Administration Order"). The other order directed each plaintiff to provide initial documentary proof of her Depo-Provera use and meningioma diagnosis (the "Case Vetting Order," and, together with the Data Administration Order, the "Orders"). All three orders are similar to those entered in the MDL and other state actions.

(3) Plaintiffs represented by Collins Price Warner Woloshin, Rhoades & Morrow LLC, and Keller Postman LLC ("Keller Plaintiffs") asked the Superior Court to certify an interlocutory appeal of the Orders under Supreme Court Rule 42. Keller Plaintiffs argued that the Orders decided substantial issues of material importance—a threshold inquiry under Rule 42—because (i) the court had no authority, under either its rules or its inherent authority, to enter the Orders, and (ii)

2

the Data Administration Order requires disclosure of confidential information to a third-party vendor in violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Keller Plaintiffs also maintained that four of the Rule 42(b)(iii) factors weighed in favor of certification: (i) the Orders resolved a question of law for the first time; (ii) the Orders conflict with other trial court decisions; (iii) the Orders relate to the construction of a statute that should be settled before the entry of a final judgment; and (iv) interlocutory review of the Orders would serve considerations of justice. The remaining plaintiffs and Defendants opposed the application.

(4) The Superior Court declined to certify an interlocutory appeal. The court determined that the Orders did not decide a substantial issue of material importance that merits appellate review before a final order because they do not relate to the merits of the case and do not establish any legal rights. Rather, the court found that the purpose of the Case Vetting Order is merely to confirm the existence of information that has been alleged in each complaint. The court observed that the Case Vetting Order does not, as Keller Plaintiffs claimed, potentially dispose of any of Plaintiffs' claims—if a complaint is found to be lacking documentary proof, it will be dismissed *without prejudice* to re-file with the required documentation. The court also found it evident that it could use its inherent authority to manage a complex litigation docket by way of the Orders. Finally, the Superior Court found

3

that—assuming that Plaintiffs are "covered entities" under HIPAA and that HIPAA applies to a personal injury plaintiff who puts her physical condition at issue in a lawsuit—the Orders did not decide a substantial issue of material importance because the information that they require Plaintiffs to disclose is alleged in each plaintiff's publicly filed complaint. And the Superior Court concluded that, even if Keller Plaintiffs had identified a substantial issue justifying the certification of an interlocutory appeal, none of the Rule 42(b)(iii) factors weighed in favor of certification.

(5) We agree with the Superior Court that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the sound discretion of the Court.[1] In the exercise of our discretion and giving due weight to the Superior Court's analysis, the Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Orders do not exist in this case,[2] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[3]

---

[1] Del. Supr. Ct. R. 42(d)(v).
[2] Del. Supr. Ct. R. 42(b)(ii).
[3] Del. Supr. Ct. R. 42(b)(iii).

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal be REFUSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice